# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2:22-cv-1330

THE ESTATE OF JOHN ELMER ROSS, by and through the

ADMINSTRATOR JOHN LEROY ROSS; JOHN LEROY ROSS

INDIVIDUALLY,

    PLAINTIFFS.

v.

PENN LINE ENTERPRISES INC.

    DEFENDANT.

## COMPLAINT

Plaintiff Estate of John Elmer Ross, by and through its Attorney, Sean Logue, Esquire, appears before this court seeking relief from Defendant Penn Line Enterprises Inc.

## PARTIES

1. Plaintiff John L. Ross is an adult individual who resides in Point Marion, Pennsylvania in the Western District of Pennsylvania.
2. Penn Line Enterprises is a corporation, registered with the Secretary of State for the Commonwealth of Pennsylvania, with a principal place of business located in Scottsdale, Pennsylvania in in the Western District of Pennsylvania.
3. The Estate of John E. Ross is filed with the Orphan Court of the Court of Common Pleas Fayette County.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it implicates a federal question, namely, the interpretation of Employee Retirement Income Security Act ("ERISA").
5. This court has personal jurisdiction over Defendant Penn Line Enterprises Inc.
6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District; the Estate of John E. Ross is filed in this district; Mr. John L. Ross; and Penn Line Enterprises Inc. are all residents and/or citizens of the Western District of Pennsylvania.

## FACTS

7. John Leroy Ross is one of the heirs of the estate of John E. Ross, his late father.
8. John E. Ross was employed by Penn Line Enterprises Inc., through which he had a pension, termed the Penn Line Enterprises Employee Stock Ownership Plan ("Retirement Plan.")
9. John Leroy Ross is the son of Decedent; his natural mother is not a party to this action.
10. There is a dispute pending in the Fayette County Court of Common Pleas as to the marital status of John E. Ross at the time of his death on March 2, 2022, and whether Tina Bankhead aka Tina Ross aka Tina Swihart (hereinafter referred to as Swihart) is eligible as a spouse to receive a distribution from his estate.
11. Decedent and Ms. Swihart had no children during their marriage and have had no contact with one another in the past 19 years.
12. At the time of his passing on March 2, 2022, John E. Ross was in a common-law marriage with Tracy Darnell aka Tracy Ross (hereinafter referred to as Darnell).
13. Ms. Darnell and Decedent have always held themselves out as husband and wife.
14. Ms. Darnell wore a wedding band on her left hand.
15. Ms. Darnell and Decedent Ross paid bills jointly and filed their federal and state taxes jointly.
16. Mr. Ross became ill in February of 2022. Ms. Darnell and her son Justin and Justin's wife Kimberly cared for Decedent until his death on March 2, 2022.
17. During his hospitalization, Ms. Darnell was entrusted to make all medical decisions for Decedent.
18. Ms. Darnell and the Decedent shared a common law marriage.
19. Ms. Darnell and her daughter Tasha paid for the Decedent's funeral expenses.
20. Ms. Darnell and Tasha made arrangements to pay for the Decedent's medical expenses.
21. Shortly after his passing, Tina Swihart claimed to be the Decedent's wife.

22. However, Tina Swihart never cared for Decedent during his illness nor has been involved in Decedent's life since the parties' separation in 2003.
23. Tina Swihart refused to pay for medical and funeral expenses for Decedent.
24. Soon after the death of John Ross on March 2, 2022, it came to light that Penn Line Enterprises Inc. may distribute his pension to Ms. Swihart, under the belief that she was his surviving spouse.
25. It is believed that Penn Line Enterprises Inc. will allege that the pension plan to which Mr. Ross contributed is governed by ERISA, 29 U.S.C. § 1144.
26. It is believed that Penn Line Enterprises Inc. will allege that per the rules of ERISA that Decedent's surviving spouse is entitled to a final distribution of his pension.
27. Under 20 Pa.C.S.A. § 2106(a), a spouse is to have no right or interest in the real or personal estate of the decedent spouse if the spouse, for one year or more previous to the other spouse's death, has willfully neglected or refused to perform the duty to support the other spouse, or has willfully and maliciously deserted the other spouse.
28. Regardless of whether ERISA does or does not preempt § 2106(a), this Pennsylvania statutory provision does suggest that Ms. Swihart's sudden resurfacing after 20 years of separation from Decedent to claim his pension is being done in bad faith.
29. The determination of who qualifies as the person to whom the participant is legally married at the time of their death is dependent upon state law because there is no federal common-law with respect to marriage. While the ERISA pre-emption provision was intended to "displace all state laws that fall within its sphere ... Congress did not intend to pre-empt areas of traditional state regulation." Metro. Life Ins. Co. v. Traveler's Ins. Co., 471 U.S. 724, 739-40, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).
30. Thus, the issue of whether Ms. Darnell is a "surviving spouse" for purposes of ERISA depends on whether she was legally married to Mr. Ross at the time of his death which, in turn, depends on whether their common law marriage is recognized under the law.
31. Ms. Darnell and Mr. Ross lived together as a common-law couple for many years prior to his death.
32. Neighbors and friends knew the couple as husband and wife.
33. Absent an "exchange of words in the present tense," Commonwealth v. Smith, 511 Pa. 343, 352, 513 A.2d 1371 (1986), cert. denied, Smith v. Pennsylvania, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987), Ms. Darnell can point to cohabitation and their general reputation in the community as a married couple. In re Cummings Estate, 330 Pa.Super. 255, 263, 479 A.2d 537 (1984).

## COUNT I: UNJUST ENRICHMENT

34. Plaintiff re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates same herein by reference.
35. At all times relevant to this litigation, Defendant Penn Line Enterprises Inc. owed a legal duty to Decedent Ross to fairly and justly manage Mr. Ross' pension, which duty encompassed a commitment to not allow third parties to unjustly enrich themselves at the expense of Mr. Ross or his estate.
36. Ms. Tina Swihart seeks to receive the pension earned by Decedent Ross during his many years of employment with Penn Line Enterprises Inc.
37. Awarding Ms. Swihart the pension, despite her separation from Decedent over 20 years ago coupled with Mr. Ross' committed and loving partnership with Ms. Darnell, who cared for Decedent along with his son during Decedent's battle with a terminal illness, demonstrates the injustice that would result if Ms. Swihart were given Mr. Ross' pension.
38. Accordingly, Plaintiff Estate states that it would be inequitable and unjust to award Ms. Swihart Decedent's pension.

**PRAYER FOR RELIEF WHEREFORE,**

Plaintiff prays for the following relief:

(a) A declaration that the Retirement Plan sums should be distributed to Decedent's Estate;

(b) An injunction barring Penn Line Enterprises Inc. from distributing the Retirement Plan to Tina Swihart;

(c) An Order directing Penn Line Enterprises Inc. to distribute the pension benefits of John Elmer Ross in accordance with Title 20 Pa.C.S.A. Section 2106(a) and/ or the Order of the Court of Common Pleas of Fayette County Pennsylvania; and,

(c) Such further and other legal and equitable relief as the Court may deem just and necessary under the circumstances.

Respectfully submitted,

Sean Logue, Esquire
Attorney at Law

## VERIFICATION

I, John Leroy Ross, am the Administrator of the estate of John Elmer Ross, which is one of Plaintiffs in the above-captioned matter; I am also the sole legal heir and in that capacity, I am the other Plaintiff in this case. I have read the VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the Commonwealth of Pennsylvania, that the foregoing is true and correct. Executed this fourteenth (14), day of September 2022.

9.14.22
DATE

JOHN LEROY ROSS, INDIVIDUALLY

9.14.22
DATE

JOHN LEROY ROSS, ADMINSTRATOR
ESTATE OF JOHN ELMER ROSS